THE STATE on the relation of THE BOARD OF COMMISSIONERS OF THE COUNTY OF DEARBORN *v.* CALLEHAN.

The act approved *January 4*, 1844, providing for the removal of the seat of justice of *Dearborn* county, authorized the corporation of the town of *Lawrenceburgh* to execute a bond, conditioned to build and repair certain public buildings.

ERROR to the *Dearborn* Circuit Court.

Tuesday,
July 18.

SMITH, J.—This was an action of debt against the defendant in error, as one of the obligors of a joint and several bond, purporting to be executed by the corporation of the town of *Lawrenceburgh*, with the defendant and several other persons as securities. The bond is made payable to the state, and is conditioned that said corporation would fit up and repair certain public buildings for the use of the county of *Dearborn*.

The declaration contains three counts, differing only in the statement of the parties by whom the bond is alleged to have been executed. The first count alleges that the bond was made by the said *John Callehan*, with other persons, and the corporation of the town of *Lawrenceburgh*, by the name and style of the president and select council of said corporation. The second count states, that the said *Callehan*, (and fifteen other persons, whose names are set out,) with *Jeremiah Crosby*, president of the select council of the said town of *Lawrenceburgh*, for and on behalf of the corporation of said town, made their bond, &c. The third count does not vary materially from the second.

All the counts aver that said bond was made by virtue of, and pursuant to, an act of the general assembly of this state, approved *January* 4th, 1844; which act provided, amongst other things, that from and after the first of *April*, 1844, the seat of justice of the county of *Dearborn* should be removed to, and permanently located at, the town of *Lawrenceburgh*; and it was made the duty of the corporation of said town to give bond, in a penalty not exceeding ten thousand dollars, payable to the state, with securities to be approved of by the county commissioners of

said county, or any one of them, conditioned that said corporation would, within one year from and after the 1st of *April*, 1844, fit up and repair the court house and jail in said town of *Lawrenceburgh*, and build a clerk's office, recorder's office, and auditor's office in said town, all of which should be equal, in point of convenience and durability, to those already erected in the town of *Wilmington*, &c.

Breach, that said corporation did not, within one year from the 1st of *April*, 1844, nor at any time, fit up and repair the jail in said town of *Lawrenceburgh*, &c.

The defendant demurred generally to each count, craving oyer of the bond. The demurrers were all sustained; and judgment was rendered thereon for the defendant.

The bond, as set out on oyer, appears to have been executed by the corporation of *Lawrenceburgh*, the seal of said corporation having been affixed by *Jeremiah Crosby*, president of the select council thereof, and by the defendant *Callehan*, with fifteen other persons, under their private hands and seals.

As there is no brief of the defendant in error on file, we are not apprised of the objections which were made to this declaration in the Circuit Court. We think the first count, at least, is good on general demurrer. It alleges that the bond was executed by the corporation, and that fact is, therefore, admitted. The power of the corporation to execute such a bond is given by the act recited, if it did not previously exist.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*E. Dumont*, for the plaintiff.

*P. L. Spooner*, for the defendant.